## LEWIS and Another *v.* MORRISON.

In a suit upon an account before a justice of the peace, the defendant made a written offer to confess judgment, which the plaintiff accepted, and judgment was rendered accordingly. On appeal to the Circuit Court, the written offer was transmitted with the other papers. On the calling of the case, the plaintiff moved that the appeal be dismissed; whereupon the defendant, upon affidavit that he had verbally withdrawn the written offer before the justice, moved for a *certiorari*, which motion the Court overruled, and dismissed the appeal. *Held*, that there was no error.

APPEAL from the *Huntington* Circuit Court.

PERKINS, J.—Suit upon an account for 20 dollars, commenced before a justice of the peace.

At the hour set for trial the parties appeared, and, says the transcript, the plaintiff produced a written notice from the defendants as follows:

"*John Morrison*   }   Suit pending before *Louis Hitzfield,*  
          v.        }  justice of the peace of *Huntington* town-  
*John Lewis et al.* }  ship.

"The plaintiff in the case will please take notice that the defendants offer to allow judgment to be taken against them in the above action, for the sum of fourteen dollars and the costs which have accrued up to this time, in full satisfaction of the claim sued upon.

"30th *May*, 1855.                    *Lewis & Son.*"

"Which offer was accepted by the plaintiff in Court. It is therefore adjudged that the plaintiff recover," &c.

The written offer to confess judgment was transmitted with the papers, on appeal, to the Circuit Court.

When the cause was called for trial in the Circuit Court, the plaintiff moved that the appeal be dismissed. The defendants thereupon, upon affidavit that they had verbally withdrawn their above written offer before the justice, moved for a *certiorari* upon the justice to certify a complete transcript. The Court refused the latter, and sustained the former motion, dismissing the appeal.

The Court did right in overruling the motion for a *certiorari*. The fact that the defendants had verbally withdrawn their offer to confess judgment, would be one to be proved by witnesses on the trial in the Circuit Court, if proof of such withdrawal would be admissible at all.

And, that motion being properly overruled, the case stood for trial with the defendants' offer to confess judgment admitted, making a *prima facie* case against them for the affirmance of the judgment of the justice. And as the defendants had no witnesses in attendance to prove the withdrawal of the offer to confess, if they could have been permitted to make such proof, and asked no time to enable them to procure such witnesses, it but remained for the

*May Term,*  
*1858.*

LEWIS  
v.  
MORRISON.

*Thursday,*  
*June 17.*

Court to affirm the judgment of the justice, if the ·case was to be put upon trial.    The dismissal of the appeal, if not strictly the correct practice, did no harm to the defendants, as it amounted but to an affirmance of the judgment of the justice.

On the other hand, if the defendants could not be allowed to withdraw their offer to confess, and the judgment was to be taken as one confessed, the dismissal of the appeal was right.

*Per Curiam.*—The judgment is affirmed with costs.

*L. P. Milligan,* for the appellants (1).

*J. R. Slack,* for the appellee (2).

(1) Mr. *Milligan* cited *Cheetham* v. *Tillotson,* 4 Johns. 499.

(2) Mr. *Slack* cited 2 R. S. p. 124, § 389.